JOHN W. HUBER, United States Attorney (#7226)
STEWART M. YOUNG, Assistant United States Attorney (#14146)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 09 2017

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:14-CR-601 DS |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| JUSTIN CHRISTOPHER, | Judge David Sam |
| Defendant. | |

    I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

    1.    As part of this agreement with the United States, I intend to plead guilty to Count 1 of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count 1, Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) are:

    A. There was an agreement between two or more persons to commit the offense of knowingly and intentionally conducting financial transactions;

    B. That the defendant knew that the funds or property involved in these financial transactions represented proceeds of some form of unlawful activity;

    C. That the funds or property involved in the financial transaction did in fact represent the proceeds of specified unlawful activity (here, the proceeds of drug trafficking, including distribution of a controlled substance);

    D. That the defendant engaged in the financial transactions knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity;

    E. The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

  2. I know that the maximum possible penalty provided by law for Count 1 of the Indictment, a violation of 18 U.S.C. § 1956(h), is a term of imprisonment of up to 10 years, a fine of $250,000 (or twice the value of funds involved), a term of supervised release of up to 3 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

    b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

  4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

  5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

  6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a. I have a right to the assistance of counsel at every stage of the proceeding.

    b. I have a right to see and observe the witnesses who testify against me.

    c. My attorney can cross-examine all witnesses who testify against me.

      d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

      e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

      f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

      g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

      h. It requires a unanimous verdict of a jury to convict me.

      i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

      7. If I plead guilty, I will not have a trial of any kind.

      8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

      9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

      10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

      11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

      From at least March 2014 through November 3, 2014, I owned a jewelry shop with my father in downtown Salt Lake City. On April 28, 2014, I signed my name as the purchaser and owner of a 2005 Lamborghini Gallardo (VIN ZHWGU11S25LA01949) at Ararat Auto located at 3323 South 200 East, Salt Lake City, UT.

This 2005 Lamborghini was, in fact, sold by Ararat Auto to another person. The other person made an initial $10,000 down payment on the Lamborghini the day it was taken for a test drive. The other person purchased the Lamborghini with three or four cash payments and a $45,000 cashier's check for a total price of $95,000 plus taxes and fees, for a total cost of $102,155.55. The other person took delivery of the Lamborghini, rather than myself. My name was on the title for the Lamborghini, and Ararat Auto was told that this other person and myself were brothers in order to conduct the transaction.

I agreed with at least one other person to participate in the above-described activity, with the knowledge that the money used to purchase the Lamborghini, was, in fact, from a specified unlawful activity; namely, the distribution of marijuana. I agree that the purchase of this Lamborghini, including the use of a cashier's check, was a financial transaction affecting interstate commerce. I participated in this transaction, and other transactions, knowing that these transactions were designed in whole or in part to conceal the nature, location, source, ownership, and control of proceeds of the specified unlawful activity. I further acknowledge that I knew this property involved in the financial transactions represented the proceeds of narcotics trafficking.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Count 1 of the Indictment.

b. **Dismissal of Counts and Agreement to Not Further Prosecute.** The government agrees to move for leave to dismiss Count 2 at the time of sentencing. The government also agrees not to seek indictment against me for any other offense of which the United States Attorney's Office for the District of Utah is aware at this time.]

c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

d. **Acceptance of Responsibility.** The government agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the government agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

e. **Advisory Sentencing Guideline Calculations Recommendation.** The United States' recommended advisory sentencing guideline calculations is based on the facts and circumstances currently known to the United States.

| | |
|---|---|
| Money Laundering – § 2S1.1(a)(2) - Base Offense Level | 8 |
| Increase under § 2S1.1(a)(2) from § 2B1.1 Table | +8[1] |
| Knowledge laundered funds promote narcotics trafficking - § 2S1.1(b)(1) | +6 |
| Conviction under § 1956 | +2[2] |
| Acceptance of Responsibility - § 3E1.1 | -3 |
| Total Offense Level | 21 |

If additional facts regarding my history and characteristics or the nature and circumstances of my conduct are discovered prior to sentencing, the United States reserves the right to reconsider these guidelines calculations. I understand that the Court is not bound by the government's advisory sentencing guidelines calculations. There is no agreement as to the Defendant's criminal history.

f. **Mid-Range Recommendation.** The government agrees to recommend at sentencing that I be sentenced at the mid-range of the Sentencing Guideline range determined by the Court. The United States' agreement is based on the facts and circumstances currently known to the United States. If additional facts regarding my history and characteristics or the nature and circumstances of my conduct are discovered prior to sentencing, the United States reserves the right to reconsider this recommendation. I understand that the Court is not bound by the government's recommendation.

g. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the

---

[1] The total value of the laundered funds was $102,155.55, which corresponds to an 8-level increase under § 2B1.1(b)(1)(E).

[2] The government will not recommend either +4 for being "in the business of laundering funds" under § 2S1.1(b)(2)(C) or +2 for "sophisticated laundering" under § 2S1.1(b)(3).

district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

    (2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

    (3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

    (4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

  h. **Rule 410 Waiver.** If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I agree that this agreement, my statements pursuant to this agreement, or any leads derived therefrom, shall be admissible at any trial, hearing, or other proceeding.

  i. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

  j. **Waiver of Interest.** The government agrees to recommend that the Court waive interest for fines and restitution assessed against me.

  k. **Forfeiture.**

    (1) I agree to forfeit all property acquired from or traceable to my offense[s] and all property that was used to facilitate my offense[s], including, but not limited to, the following specific property:

  A 2005 yellow Lamborghini Gallardo YIN ZHWGU11 S25LA01949, and
  Lamborghini Speed Line Wheels and any tires attached;

(2) I acknowledge that all property covered by this agreement is subject to forfeiture because it represents the proceeds of illegal conduct or helped facilitate illegal conduct. I further acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.]

(3) I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, and that I will testify truthfully in any judicial forfeiture proceeding. In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case.

(4) I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

(5) I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(6) I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

l. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

m. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am _28_ years of age. My education consists of _High School Diploma_ I _Can_ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreement that are not disclosed to the Court.

3.  No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.  Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5.  I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.  I am satisfied with my lawyer.

7.  My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.  I have no mental reservations concerning the plea.

9.  I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 9 day of August, 2017.

JUSTIN CHRISTOPHER
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 9 day of August, 2017.

LONI DELAND, ESQ.
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 9TH day of AUGUST, 2017.

JOHN W. HUBER
United States Attorney

/s/ Stewart M. Young

STEWART M. YOUNG
Assistant United States Attorney