Loni F. DeLand, Utah State Bar #0862
43 East 400 South
Salt Lake City, UT 84111
Telephone: (801) 364-1333
Fax: (801) 364-3232
Email: lfd_inc@msn.com

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **SENTENCING MEMORANDUM** |
| **Plaintiff,** | |
| **vs.** | **Case No. 2:14CR601** |
| **JUSTIN CHRISTOPHER,** | **Honorable Judge Dee Benson** |
| **Defendant.** | |

COMES NOW Justin Christopher, by and through his attorney, Loni F. DeLand, and submits this sentencing memorandum. Although the Federal Sentencing Guidelines are no longer binding, the dictate of 18 U.S.C §3553, under which sentencing courts impose sentences that are "sufficient, but not greater than necessary" to comply with the purposes of sentencing, remains solid law. In the present case, a sentence of 36 months probation complies with the purposes of sentencing considering Justin Christopher's lack of guidance as a youth, immaturity, and drug dependence, at the time of his offense. Thus, a more severe sentence is greater than necessary to comply with the purposes of sentencing and a 36 months probation sentence is appropriate and reasonable in this case.

## PROCEDURAL BACKGROUND

In March and April of 2014, the defendant committed the instant offense of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §1956(h), by acting as a "straw" purchaser of a Lamborghini in the amount of $102,155.55.  The "real" purchaser was a person defendant knew to be a drug dealer.  He had met this person while making custom jewelry for him in a jewelry store owned by defendant and defendant's father.  Defendant was not, himself, involved in the use or trafficking of illegal drugs.

The defendant was arrested on November 21, 2014.  On December 31, 2014 he was released from jail to Pretrial Services.  He was required to wear a GPS ankle monitor up until August 9, 2017, the date he entered his guilty plea herein.  Pretrial Services advised the Court that the defendant had committed no violations of his Pretrial release and that the ankle monitor was no longer needed.

In the 34 plus months since his release to Pretrial Services, the defendant has maintained full-time employment and has been with his current employer (Nestle-Dryer's) for over 20 months and has been regularly promoted and is scheduled for advancement in the event he is sentenced to probation.  He is in his second semester at Western Governor's University.

Defendant has been in a relationship with Darcie Lambert for over a year and is engaged to be married.  As noted in the PRESENTENCE INVESTIGATION REPORT, their home is "an appropriate residence for the defendant."

Although he spent much of his adolescent years on medication for ADHD, he no longer needs the medication and has no issues with drugs or alcohol.

## FACTUAL BACKGROUND

Defendant was born on July 11, 1989.  He was 24 years old when he committed the

instant offense.  He has no other offenses before or since.

Defendant's parents divorced when he was two years-old and he bounced around between his parents until the age of 8.  He moved with his mother to Kansas at that age and remained until he was 17.  He then returned and attempted to rekindle a relationship with his father, a twice-convicted felon.   Even though his father was verbally abusive to him, the defendant stayed in the relationship.  In fact, the two of them opened a jewelry business together but it never really provided a livable income.  As the time of the instant offense, defendant and his father were living in an older model RV.  Other than the jewelry business, defendant never had any gainful employment as an adult, nor did he pursue a post-high school education.  Other than his father, he had no friends and never engaged in any male-female relationship.

Defendant's guideline calculation herein, at level 21, is 31-47 months.  The Government is expected to request a mid-range sentence of 41-42 months.

## A 36-MONTH SENTENCE OF PROBATION IS REASONABLE BECAUSE IT SUFFICIENTLY COMPLIES WITH THE FOUR PURPOSES OF SENTENCING.

Sentencing courts must impose sentences which are sufficient, but not greater than necessary, to comply with the purposes of sentencing.[1] The purposes of sentencing are: (A) reflecting the seriousness of an offense, promoting respect for the law, and providing just punishment for an offense; (B) affording adequate deterrence to criminal conduct; (C) protecting the public from further crimes of a defendant; and (D) providing an offender with educational or vocational training, medical care, or other correctional treatment in the most effective

---

[1] 18 U.S.C. §3553(a)

3

manner.[2]Sentencing courts must also consider the history and characteristics of an offender.[3] Although the Federal Sentencing Guidelines consider many offender characteristics, the guidelines generally do not consider an offender's age, or lack of guidance as a youth.  The Supreme Court has upheld the consideration of these previously unconsidered factors during sentencing.[4]

A 41 or 42 month sentence is greater than necessary to comply with the purposes of sentencing because, considering the characteristics of Mr. Christopher, a 36-month sentence of probation sufficiently complies with the purposes of sentencing. A 36-month sentence of probation **(A)** reflects the seriousness of Mr. Christopher's offense, promotes respect for the law, and justly punishes Mr. Christopher; **(B)** adequately deters others from future crimes; **(C)** deters Mr. Christopher from further crimes and thus protects the public; and **(D)** allows Mr. Christopher to continue his education, employment and newfound lifestyle.

### A.A 36-Month Sentence of Probation Reflects the Seriousness of Mr. Christopher's Offense, Promotes Respect for The Law, And Justly Punishes Mr. Christopher.

Mr. Christopher's recognizes that his offense is very serious in nature. Whether Mr. Christopher is sentenced to either 36 months of probation or 41 months of incarceration, he will have spent a significant amount of time in jail and/or federal supervision compared to the relatively short time he has spent alive. Mr. Christopher will have spent six years of supervision, including the severe restrictions of his freedom during pre-trial release. Most importantly, Mr. Christopher will forever be a convicted felon of a federal crime. Based on this status, Mr.

---

[2]*Id.*
[3]*Id.*
[4]*Gall v. United States*, 552 U.S. 38, 58, 128 S. Ct. 586, 594, 169 L. Ed. 2d 445 (2007).

Christopher will have to overcome the stigma of being a convicted felon forever. Accordingly, a 36-month sentence of probation is a serious punishment which is proportional to Mr. Christopher's offense. Sentencing Mr. Christopher to 36 months of probation will justly and sufficiently punish Mr. Christopher, will promote respect for the law which he violated, and will reflect the seriousness of that violation.

In determining whether a 36-month sentence of probation adequately reflects the seriousness of Mr. Christopher's offense, it should also be noted that there were no victims related to his offense and that Mr. Christopher played a minor role in that offense. It should also be noted that no violence or weapons were connected to the offense. Further, Mr. Christopher has cooperated in the prosecution of his own case and accepted responsibility for his offense. Mr. Christopher has done this by pleading guilty to the offense, thus saving the government time and resources, and by fully cooperating with law enforcement.

### B.A 36-Month Sentence of Probation Adequately Deters Others from Future Crime.

Certainty of punishment has a deterrent effect on crime; potential criminals notice when other individuals are arrested, prosecuted, and punished for their crimes.[5] However, the severity of sentences likely has little or no deterrent effect on potential criminals.[6]While attorneys,

---

[5] Doob, Anothony, Cheryl Webster, *Sentence Severity and Crime: Accepting the Null Hypothesis*, 30 Crime & Just. 143, 143-44, 187 (2003).

[6]*Id*.; MacCoun, Robert and Paul Reuter, Drug Control, THE HANDBOOK OF CRIME AND PUNISHMENT, p.213 (1998); Mauer, Marc, and Malcolm C. Young, *Truths, Half-Truths, and Lies: Myths and Realities about Crime and Punishment*, Washington, D.C.: Sentencing Project, p.137 (1996);Von Hirsch, Andrew, Anthony E. Bottoms, Elizabeth Burney, and Per-Olof Wikström,*Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (Oxford 1999); Nagin, Daniel S., *General Deterrence: A Review of the Empirical Evidence*, in DETERRENCE AND INCAPACITATION: ESTIMATING THE EFFECTS OF CRIMINAL SANCTIONS ON CRIME RATES, ed. by Alfred Blumstein, Jacqueline Cohen, and Daniel Nagin, Washington (D.C.: National Academy of Sciences 1978); Nagin, Daniel S., *Criminal Deterrence Research at the Outset of the Twenty-First Century*, In CRIME AND JUSTICE: A REVIEW OF RESEARCH, vol. 23, edited by Michael Tonry

judges, and legal commentators, pay great attention to sentencing statistics, potential criminals pay great attention to the probability of being caught and punished weighed against the likelihood of not being caught.[7] Thus, when determining the sufficiency of criminal deterrence, what is most important is that similarly situated individuals know of the certainty that they will be caught and punished if they choose to violate the law.

Individuals similarly situated to Mr. Christopher will be sufficiently deterred from repeating his crimes by a 36-month sentence of probation. There is little reason to believe that incarceration would yield any further deterrence value.

**C. A 36-Month Sentence of Probation Deters Mr. Christopher And Protects the Public.**

Until this offense, Mr. Christopher had no criminal record.  Mr. Christopher recognizes the wrongfulness of his offense and is committed to reforming himself by understanding the factors that contributed to his failings. A 36-month sentence of probation combined with Mr. Christopher's commitment to reform himself make it unlikely that Mr. Christopher will repeat his offense.

The Supreme Court has recognized the importance of age in determining the correct sentence for college aged offenders as well as for minors. In *Gall*, a man was convicted of conspiring to distribute 2,500 grams of ecstasy while he was a college student.[8] The Supreme Court relied on its prior reasoning to uphold a sentence of 36 months of probation rather than 36

---

(Chicago: University of Chicago Press 1998); Wicharaya, Tamasak, *Simple Theory, Hard Reality: The Impact of Sentencing Reforms on Courts, Prisons, and Crime,* p.164 (Albany: State University of New York Press 1998).

[7] Von Hirsch, Andrew, Anthony E. Bottoms, Elizabeth Burney, and Per-Olof Wikström, *Criminal Deterrence and Sentence Severity: An Analysis of Recent Research,* p. 46 (Oxford: 1999); Waldorf, Dan, and Sheilagh Murphy, *Perceived Risks and Criminal Justice Pressures on Middle Class Cocaine Sellers,* Journal of Drug Issues 25:11-32 (1995); Tunnell, Kenneth D, *Choosing Crime: Close Your Eyes and Take Your Chances*, In CRIMINAL JUSTICE IN AMERICA: THEORY, PRACTICE, AND POLICY, edited by Barry W. Hancock and Paul M. Sharp(Upper Saddle River, N.J.: Prentice-Hall 1996).

[8] *Gall*, 522 U.S. at 42

months of incarceration as recommended by the Sentencing Guidelines.[9]  The below-guidelines sentence was warranted by the offender's age, of 21, at the time of the offense and demonstrated potential for maturation.[10]

As in *Gall*, Mr. Christopher's age at the time of the offense and potential for maturation are not inconsequential considerations. Mr. Christopher was a young man in a state of mental development at the time of his offense. Mr. Christopher's developing ability to comprehend the consequences of his actions is no excuse for his behavior. However, as this ability develops, Mr. Christopher's risky and illegal behavior is likely to cease.  A 41-month sentence will incarcerate Mr. Christopher until he is 31. As with a minor, it would be inequitable to equate Mr. Christopher's failings with those of an older adult because there is a greater possibility that Mr. Christopher's character will be reformed as his brain matures and now that he is no longer under the influence of his father or those who would use him. Thus, an additional 36-months of supervision will sufficiently deter Mr. Christopher and protect the public from further crime.

It should also be noted that Mr. Christopher's family is committed to fully supporting him in a law-abiding lifestyle.  Accordingly, a sentence of probation sufficiently complies with the purpose of protecting the public and future crimes of Mr. Christopher and a sentence of incarceration is greater than necessary to comply with this purpose.  Thus, a 36-month sentence of probation is reasonable and appropriate in this case.

## D. A 36-Month Sentence of Probation Most Effectively allows Mr. Christopher to Continue With His Educational Training, Employment, And Law-abiding Lifestyle.

---

[9]*Id.* at 43.
[10]*Id.* at 57.

Mr. Christopher desires to complete college and earn a degree while on probation. Probation will allow him to continue his education, advance in his present employment or to pursue even greater employment opportunities consistent with his education.

## CONCLUSION

In consideration of Mr. Christopher's age, lack of guidance as a youth, and aimless lifestyle under the control of his father and the influence of a veteran drug dealer at the time of his offense, a 36-month sentence of probation is more reasonable than the Sentencing Guidelines recommendation of at least 37-46 months in this case. Mr. Christopher is eager to continue his newfound lifestyle as a law-abiding citizen who has learned from his youthful failings. For these reasons, Mr. Christopher respectfully requests that this Court impose a reasonable 36-month sentence of probation herein.

Respectfully submitted the 20th day of October, 2017.

/s/ Loni F. DeLand
Loni F. DeLand
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2017, I filed a true and correct copy of the foregoing, via CM/ECF, giving notice to the following:

United States Attorney's Office
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111

/s/ Heather Stokes